IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

NOV 0 8 2006

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| DONNELL DAVIS (SPN #835143), | § § § § § § § § § § | |
| Petitioner, | | |
| v. | | CIVIL ACTION NO. H-06-3468 |
| SHERIFF TOMMY THOMAS, | | |
| Respondent. | | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Donnell Davis (SPN #835143) is an inmate incarcerated in the Harris County Jail. He has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a 1995 state court felony conviction. For reasons that follow, it appears that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, the petitioner is ordered to show cause within **thirty days** why this case should not be dismissed.

I.   **BACKGROUND**

According to the petition, a jury in the 232nd District Court for Harris County, Texas, found Davis guilty of possessing a controlled substance, namely, cocaine, in January of 1995. As a result, Davis received a sixteen-year prison sentence. The conviction was affirmed on direct appeal. *See Davis v. State of Texas*, No. 01-95-00047-CR (Tex. App. — Houston [1st Dist.] Aug. 22, 1996). The Texas Court of Criminal Appeals refused his petition for discretionary review on October 3, 1996.

Davis reports that he did not challenge his conviction further by filing a petition for a writ of certiorari with the United States Supreme Court or a state application for a writ of habeas corpus. Now, in a petition dated October 25, 2006, Davis seeks a federal writ of habeas corpus under 28 U.S.C. § 2254. Davis contends that he is entitled to relief from his 1995 conviction for the following reasons: (1) he was convicted with evidence obtained from an unconstitutional search and seizure; (2) he was convicted with evidence obtained following an unlawful arrest; (3) the prosecution failed to disclose evidence favorable to the defense; (4) the petit jury was unconstitutionally selected and empaneled; (5) the conviction violated the prohibition against double jeopardy; and (6) he was denied effective assistance of counsel. As discussed further below, the Court finds that his petition is subject to dismissal because it is barred by the applicable one-year statute of limitations.

## II.   THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). According to 28 U.S.C. § 2244(d)(2), statutory tolling of the limitations period is available for the time during which a properly filed "state post-conviction or other collateral review with respect to the pertinent judgment or claim[.]" In other words, the time during which a properly filed application for "state post-conviction or other collateral review" is pending shall not count toward the limitation period found in § 2244(d)(1).

Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a petition as untimely on its own initiative where it gives fair notice to the

petitioner and an opportunity to respond. *See Day v. McDonough*, — U.S. —, 126 S. Ct. 1675, 1684 (2006).

Because the petitioner challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Davis was convicted in 1995, and the Texas Court of Criminal Appeals refused his petition for discretionary review on October 3, 1996. Although Davis did not file a petition for a writ of certiorari with the United States Supreme Court, his time to do so expired ninety days later on or about January 3, 1997. *See* SUP. CT. R. 13.1 (West 2006). That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on January 3, 1998. The pending federal habeas corpus petition, dated October 25, 2006, is well outside the limitations period and is therefore time-barred unless the petitioner can show that a statutory or equitable exception applies.

### III. CONCLUSION AND ORDER TO SHOW CAUSE

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner must show cause in writing within **thirty days** of the date of this order why this case should not be dismissed as barred by the governing statute of limitations.

2.  The petitioner must either pay the $5.00 filing fee if he has not already done so or submit a properly supported motion for leave to proceed *in forma pauperis* within thirty days of the date of this order.

**The petitioner is admonished that his failure to comply as directed will result in the dismissal of this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on November 8, 2006.

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE